## BRANGER VS. BUTTRICK, and another.

JUDGMENT: *Error must be clearly shown to warrant reversal of.*
COUNTER-CLAIM: *When presumed to have been allowed.*

1. To reverse a judgment, error must be clearly shown and cannot be presumed.
2. Where plaintiffs demand was for $18,800, and a counter-claim admitted by the pleadings, was for $1,920, and the jury found for the plaintiff and assessed his damages at $15,470, and the judgment recites that such counter-claim was set up, and also recites the verdict, and adjudges that plaintiff recover the sum of $15,470, " the excess of his claim over defendants' counter-claim: *Held*, that it must be assumed upon this record that the counter-claim was allowed by the jury, and its amount deducted from that otherwise found due the plaintiff.

APPEAL from the Circuit Court for *Iowa* County.

Action to recover the value of certain mining stock alleged to have been sold by defendants for plaintiff's use and benefit.

Defense a counter-claim. Verdict and judgment for plaintiff, from which defendants appealed.

*Edward J. Hill*, for appellants.

*Moses M. Strong*, contra.

DIXON, C. J.  We have nothing before us but the pleadings, verdict and judgment, and the only question presented or which can be upon the record, is whether the counter-claim set up in the answer of the defendant *Hill*, and which was not replied to or traversed by the plaintiff, was allowed by the jury or deducted from the amount for which they found a verdict for the plaintiff, upon the cause of action set forth in the complaint. The jury found for the plaintiff and assessed his damages at the sum of $15,470.  The judgment recites that "the defendants having in the answer of *Edward J. Hill*, one of said defendants, set up a counter-claim amounting to less than the claim of the plaintiff, to wit, for the sum of fifteen hundred dollars," thereupon the issue of fact was tried by a jury who found for the plaintiff and assessed his damages, etc.; and it then proceeds to adjudge that the plaintiff recover, etc., "the sum of fifteen thousand four hundred and seventy dollars, *the excess of his, the said plaintiff's, claim over the counter-claim of the said defendant*," with costs and disbursements of the action.

The first count of the complaint was for $3,500, with interest from the 16th of March, 1867.  The interest upon that sum from the day of trial and judgment, April 7, 1870, would be $745, and the whole sum claimed in that count, $4,245.  The second cause of action was for $12,000 and interest from the same date, March 16, 1867, which with the interest, $2,555, amounted at the date of trial to $14,555.  The sum total claimed by the plaintiff in his complaint at the time of trial was $18,800, at which sum, according to the allegations of the complaint, the jury might have assessed his damages, less the counter-claim of $1,500 and interest which the plaintiff had admitted by failure to reply.  The counter-claim drew interest from

April 26, 1866, and with the interest, $420, amounted to $1,920. Deduct this sum from the sum total claimed by the plaintiff in his complaint, and it will be seen that the jury must have deducted the counter-claim, or at least that they failed to allow the plaintiff the full sum claimed by him by the sum of $1,410 more than the counter-claim amounted to. Under these circumstances the presumption must be that the counter-claim was allowed in favor of the defendants. At all events we cannot say from the record that it was not, and inasmuch as error must be clearly shown, and cannot be presumed, the judgment must be affirmed.

*By the Court.*—It is so ordered.